UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY DON LANGS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-2604 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Larry Don Langs filed a complaint under 42 U.S.C. § 1983 alleging a violation of his First Amendment rights. Defendants William Stephens, Tracy Bailey, Jenia Taylor, Phipps Demetrie, and Reguilus Aysira filed a motion to dismiss. The Attorney General of Texas, also named as a defendant, filed a separate motion to dismiss. For the reasons stated below, the defendants' motions are granted and plaintiff's complaint is dismissed with prejudice.

### I.   Background

At all times relevant to this case, Langs was an inmate in the Texas Department of Criminal Justice ("TDCJ"). Langs contends that the defendants denied him his First Amendment right of access to the courts by preventing him from obtaining the forms necessary to file a motion for leave to proceed *in forma pauperis* on an appeal of an adverse judgment.

He alleges that defendant Taylor, the librarian at the Estelle Unit, falsely told Langs that she sent legal forms to him. Defendant Phipps, a Corrections Officer, allegedly threatened to write Langs up for a disciplinary violation for being out of place when he came to the law library to inquire about an opportunity to use the library. Defendant Aysira allegedly refused to grant

plaintiff a "lay in," *i.e.*, an authorized time to use the library. He alleges that the other defendants are liable based on their supervisory positions.

## II.     Analysis

### A.     Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.     Defendants Stephens, Baily, and Attorney General of Texas

To prevail on his claim, Langs must demonstrate that each defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Moreover, supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

Defendant Stephens is the Director of TDCJ's Correctional Institutions Division. Baily is the Senior Warden at the Estelle Unit. The Attorney General of Texas is an elected official.

Langs asserts no personal involvement in the alleged denial of his right of access to the courts by these defendants. At most, he alleges liability against them in their supervisory capacities. Supervisory officials, however, cannot be found liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dept't of Soc. Servs.*, 436 U.S. 658, 692 (1978). Because plaintiff fails to identify any personal involvement by defendants Stephens, Baily, of the Attorney General, he fails to state a claim against these defendants.

### C. Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted).

Langs' allegations against defendants Phipps and Aysira merely assert that they impeded his ability to obtain legal forms by insisting that he comply with established prison procedure. Langs asserts that Phipps threatened to write him up for being out of place when he was in the law library at a time when he was not authorized to be there. He asserts that Aysira would not grant him a lay in to the library unless he complied with a requirement that his request form list his work hours. No legal authority dictates that such enforcement of established prison

procedure violates federal law. Therefore, defendants Phipps and Aysira are entitled to qualified immunity from Langs' claim.

      D.    **<u>Access to the Courts</u>**

Prison inmates have a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right requires that prison officials provide a reasonable opportunity to file non-frivolous legal claims. *Lewis v. Casey*, 518 U.S. 343, 353-54 (1996). To prevail on a claim of denial of access to the courts, a plaintiff must demonstrate actual harm. *Lewis*, 518 U.S. at 351. Defendants argue that Langs fails to demonstrate any actual harm.

To prevail on a claim that his right of access to court has been violated, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002) (internal quotations omitted); *Lewis v. Casey,* 518 U.S. at 351. *See also Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir.1997). He must identify the nonfrivolous, arguable underlying claim. *Id.* Langs does not identify any such claim.

The complaint and more definite statement merely allege that Langs wished to pursue an appeal. He does not identify the decision from which he wished to appeal, nor any legal claim he wished to raise on appeal. In the absence of any such allegation, Langs fails to state a claim of denial of access to the courts, and the defendants are entitled to dismissal.

E.  **Conclusion**

For the foregoing reasons, the defendants' motions to dismiss are granted, and Langs' complaint is dismissed.

III.  **Order**

It is ORDERED that:

1. Defendants Stephens', Baily's, Taylor's, Demetrie's and Aysira's motion to dismiss (Dkt. No. 12) is granted;

2. Defendant Attorney General of Texas' motion to dismiss (Dkt. No. 16) is GRANTED; and

3. The complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 24th day of August, 2015.

_____
Kenneth M. Hoyt
United States District Judge